UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

ROBERT VANDIVER,

    Plaintiff,
v.

ROYAL CARIBBEAN CRUISES LTD.,
a foreign corporation,

    Defendant.
_____/

# COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiff, ROBERT VANDIVER, by and through the undersigned counsel and pursuant to the applicable Federal Rules of Civil Procedure, files PLAINTIFF'S COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL, and states as follows.

## THE PARTIES AND JURISDICTION

1.    This is an action seeking damages in excess of $75,000.00, exclusive of interest, costs and attorney's fees.

2.    Federal subject matter jurisdiction arises under and is by virtue of Diversity of Citizenship pursuant to 28 U.S.C. § 1332, as this is a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States and/or citizens of a State and citizens or subjects of a foreign state, and arises under and is by virtue of the admiralty or maritime jurisdiction pursuant to 28 U.S.C.§ 1333, and is being filed in Federal Court as required by the venue selection clause in the Passenger Contract Ticket issued by the Defendant.

3. The Plaintiff, **ROBERT VANDIVER**, is *sui juris* and is a citizen of Marietta, Georgia.

4. The Defendant, **ROYAL CARIBBEAN CRUISES, LTD.** (hereinafter "ROYAL Caribbean Cruises"), is a foreign corporation incorporated in Liberia, authorized to conduct and does conduct business in the State of Florida, and at all times material hereto was and is doing business in Miami-Dade County, Florida, and is *sui juris*.

5. The Defendant, at all times material hereto, personally or through an agent, in the County and in the District in which this Complaint is filed:

   a. Operated, conducted, engaged in or carried on a business venture in this state and/or county; and/or

   b. Had an office or agency in this state and/or county; and/or

   c. Engaged in substantial activity within this state; and/or

   d. Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193;

6. All conditions precedent for filing and maintaining this action have been fulfilled, have been waived, or do not apply.

## OTHER ALLEGATIONS COMMON TO ALL COUNTS

7. **DATE OF ACCIDENT.** This accident occurred on April 4, 2014.

8. **LOCATION OF ACCIDENT.** This accident occurred in the vicinity of the hot tubs located on Deck 15 of the Royal Caribbean Cruise Ship, Oasis of the Sea, a vessel owned and operated by Royal Caribbean Cruises, Ltd..

9. **STATUS OF PLAINTIFF AS OF DATE AND TIME OF ACCIDENT.** At all times material hereto, the Plaintiff was a passenger on the subject cruise ship described herein and,

accordingly, was an invitee while on the vessel.

10. **DESCRIPTION OF THE ACCIDENT.** On the date and time of the accident, the Plaintiff was walking on Deck 15 toward a trash receptacle, on the Royal Caribbean Cruise ship, Oasis of the Sea. While walking, the Plaintiff slipped on the wet surface and the Plaintiff felt his right knee pop. Defendant knew or should have known the wet flooring was a dangerous condition where passengers, such as the Plaintiff, are invited to and should be expected to walk. Additionally, this dangerous condition caused or otherwise contributed to the severe and debilitating injuries sustained by Plaintiff. Nonetheless, Defendant did nothing to eliminate the hazard and failed to properly maintain and inspect the Deck 15 guest areas on the ship to avoid and/or remedy such hazards.

## COUNT I
## NEGLIGENCE

11. The Plaintiff hereby adopts and realleges each and every allegation in paragraphs 1 through 10, above.

12. **DUTIES OWED BY THE DEFENDANT**. The Defendant owed a "duty to exercise reasonable care for the safety of its passengers" including the Plaintiff herein. See, *Hall vs. Royal Caribbean Cruises, Limited*, 888 So. 2d 654 (Fla. 3d DCA 2004), 2004 A.M.C. 1913; citing *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 79 S. Ct. 406, 3 L. Ed. 2d 550 (1959); *The Moses Taylor*, 4 Wall. 411, 71 U.S. 411, 18 L. Ed. 397 (1866); *Carlisle v. Ulysses Line Ltd.*, 475 So. 2d 248 (Fla. 3d DCA 1985). The Defendant also owed a "duty to exercise reasonable care under the circumstances." See, *Harnesk vs. Carnival Cruise Lines, Inc*, 1992 AMC 1472, 1991 WL 329584 (S. D. Fla. 1991). The Defendant's "duty is to warn of dangers known to the carrier in places where the passenger is invited to, or may reasonably be

expected to visit." See, *Carlisle vs. Ulysses Line Limited*, *S.A.*, 475 So. 2d 248 (Fla. 3d DCA 1985). *Vierling v. Celebrity Cruises*, 339 F.3d 1309, 1319-20 (11th Cir. 2003).

13. The Defendant breached those duties and was negligent by:

(a) Failing to maintain or remedy hazardous conditions;

(b) Failing to otherwise warn anyone, including the Plaintiff, who would walk in the vicinity of a dangerous and slippery condition;

(c) Failing to inspect for and to observe and resolve the slipping hazard;

(d) Failing to implement a method of operation and inspection which was reasonable and safe and would prevent dangerous conditions such as the one in this case;

(e) Allowing an ongoing, recurring, continuous and/or repetitive problem to occur or to remain on the premises which would cause accidents or injuries;

(f) Providing negligent maintenance to the area or to the premises;

(g) Utilizing or allowing negligent method of operations;

(h) Failing to otherwise maintain the area and the premises in a safe and reasonable manner;

(i) Failing to implement a method of operation which would be reasonable and safe and would prevent dangerous conditions such as the one in this case;

(j) Failing to comply with applicable standards, statutes, and/or regulations the violation of which is negligence *per se* and/or evidence of negligence.

14. The Defendant failed to timely remedy a dangerous condition on the subject ship and allowed the dangerous condition to exist thereby causing an accident on the date referenced above in which the Plaintiff was severely injured when he slipped on the wet flooring, requiring immediate medical attention.

15. The Defendant either (a) had actual knowledge of the dangerous condition; (b) had constructive knowledge of the dangerous condition; and/or (c) would have had knowledge of the dangerous condition had the Defendant implemented a proper method of operation and inspection.

16. The Defendant had constructive knowledge of the dangerous condition by, inter alia, (a) the length of time the dangerous condition existed; (b) the size and/or nature and/or obviousness of the dangerous condition; and/or (c) the fact that the dangerous condition, a similar dangerous condition, or the cause of the dangerous condition was repetitive, continuous, ongoing, recurring, or occurring with some regularity. Thus, the dangerous condition was reasonably foreseeable and in the exercise of reasonable care the Defendant should have known about it.

17. In the alternative, notice to the Defendant is not required because the Defendant (a) engaged in and was guilty of negligent maintenance; and/or (b) engaged in and was guilty of negligent methods of operations.

18. The negligent condition had existed for a sufficient length of time so that Defendant should have known of it. The nature of the condition was a foreseeable occurrence in an area designated for passengers and thus required the timely and routine inspection of the premises.

19. The negligent condition and other slipping hazards occurred with sufficient regularity so as to be foreseeable by the Defendant, and should have been foreseeable by the Defendant.

20. As a result of the Defendant's negligence, the Plaintiff has suffered severe bodily injury resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and loss of ability to earn money. The losses are either permanent or continuing. The

Plaintiff has suffered these losses in the past and will continue to offer them in the future.

WHEREFORE, the Plaintiff, **ROBERT VANDIVER,** demands Judgment against the Defendant **ROYAL CARIBBEAN CRUISES LTD**., for damages suffered as a result of Plaintiff's bodily injury and pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, the expense of hospitalization and medical and nursing care and treatment, loss of earnings, loss of ability to earn money, loss of important bodily functions, and significant and permanent scarring or disfigurement, which have been incurred or suffered in the past and which will be incurred or suffered in the future; all court costs, all interest, and any and all other damages which the Court deems just or appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiff **ROBERT VANDIVER** demands a trial by jury on all issues so triable.

Respectfully submitted this June 16, 2014,

ARONFELD TRIAL LAWYERS, P.A.
Spencer Marc Aronfeld, Esq.
Florida Bar Number 905161
Attorney for Plaintiff
3132 Ponce de Leon Boulevard
Coral Gables, Florida 33134
E:aronfeld@aronfeld.com
P:(305) 441.0440
F:(305) 441.0198
C: (305)323.0261

By:_____*s/Spencer Marc Aronfeld*